774

The People of the State of Illinois, Plaintiff-Appellee, *v.* O. D. Wade, Defendant-Appellant.

(No. 71-141; )

Fifth District—November 29, 1972.

Kenneth L. Jones, of Defender Project, of Mount Vernon, (Robert E. Farrell, of counsel,) for appellant.

Robert H. Rice, State's Attorney, of Belleville, (Philip G. Feder, Assistant State's Attorney,) for the People.

Mr. PRESIDING JUSTICE GEORGE J. MORAN delivered the opinion of the court:

Defendant appeals from a judgment of the Circuit Court of St. Clair County revoking his probation and sentencing him to not less than five nor more than ten years in the Illinois State Penitentiary.

Defendant, on December 7, 1966, pled guilty to the offense of burglary and was sentenced by the Circuit Court of St. Clair County to five years probation with the first year to be spent at the Illinois State Penal Farm in Vandalia. The original offense for which he was sentenced consisted of defendant, then 17 years of age, prying open a window of a saloon and taking a half-pint of gin. At the time of this conviction, the probation officer's report described him as "a victim of a broken home * * * shunted from place to place * * * meager education * * *", but without previous convictions and with a record of having worked at a number of menial jobs. After he had been released from Vandalia for over a year and a half, the state filed a petition to revoke defendant's probation.

██ On August 4, 1969, the first of two revocations of probation hearings was held. One of the allegations at that time was defendant's failure to report and this was proven. At the conclusion of the hearing the trial judge continued the probation and warned the defendant about the seriousness of his status on probation: "* * * [I]f you don't know exactly what you are supposed to do, if you have any doubt about it, get in touch with your Probation Officer and find out with him. You will report regularly to him and live up to every condition of this probation; if you don't you will go to the penitentiary; do you understand that?" Even after that apparently clear admonition and instruction, the defendant failed to report regularly for approximately nine months. We find that the trial court did not abuse its discretion in revoking defendant's probation.

██ Defendant also contends that the sentence imposed upon revocation of probation was excessive. Defendant has served one year in the Illinois State Farm at Vandalia, prior to being released on probation, and since the revocation has served an additional 21 months—a total of nearly three years—for a first unaggravated offense of burglary. We feel substantial reasons have been demonstrated in the present case which warrant a reduction of sentence to a minimum of one year and a maximum of time served.

For the foregoing reasons, the judgment of the trial court is affirmed and the sentence reduced to a minimum of one year and a maximum of time served.

Judgment affirmed and sentence modified.

JONES and CREBS, JJ., concur.